

_____
**Hon. Michael S. McManus**
**United States Bankruptcy Judge**

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

|  |  |
|---|---|
| In re | Case No. 10-50195 |
| GARY and JODY RAY, | Chapter 13 |
| Debtor. | Date: April 9, 2010<br>Time: 2:00 p.m. |

**MEMORANDUM**

The debtor seeks to value a home in Dayton, Nevada.

The respondent creditor, Litton Loan Servicing, has not filed written opposition within 14 days of the hearing on the motion as required by Local Bankruptcy Rule 9014(d)(1). This is considered as consent to the granting of the motion. Cf. Ghazali v. Moran, 46 F.3d 52, 53 (9th Cir. 1995). Therefore, the default of the above-mentioned respondent is entered.

The debtor seeks to value a personal residence at a fair market value of $134,000 as of the date the petition was filed. It is encumbered by a first deed of trust held by GMAC Mortgage.

1  The first deed of trust secures a loan with a balance of
2  approximately $196,251 as of the petition date.
3      The residence is encumbered by a second deed of trust held
4  by Litton Loan Servicing.  This junior claim is completely under-
5  collateralized.  No portion of it will be allowed as a secured
6  claim.  See 11 U.S.C. § 506(a).
7      Any assertion that the respondent's junior claim cannot be
8  modified because it is secured only by a security interest in
9  real property that is the debtor's principal residence is
10 disposed of by In re Zimmer, 313 F.3d 1220 (9th Cir. 2002) and In
11 re Lam, 211 B.R. 36 (B.A.P. 9th Cir. 1997).
12     Because this claim is completely under-secured, no interest
13 need be paid on the it except to the extent otherwise required by
14 11 U.S.C. § 1325(a)(4).  That is, because the secured claim held
15 by the respondent is $0, no interest need be paid pursuant to 11
16 U.S.C. § 1325(a)(5)(B)(ii).
17     To the extent the respondent might object to valuation of
18 its collateral in a contested matter rather than an adversary
19 proceeding, the objection lacks merit.  Valuations pursuant to 11
20 U.S.C. § 506(a) and Fed. R. Bankr. P. 3012 are contested matters
21 and do not require the filing of an adversary proceeding.
22     Further, even if considered in the nature of a claim
23 objection, an adversary proceeding is not required.  Fed. R.
24 Bankr. P. 3007.  It is only when an objection is joined with a
25 request to determine the extent, validity, or priority of a
26 security interest, or a request to avoid a lien, that an
27 adversary proceeding is required.  Fed. R. Bankr. P. 7001(2).
28 The court is not determining the validity of a claim or avoiding

a lien or security interest.  Such relief requires an adversary proceeding.  See Fed. R. Bankr. R. 7001.  The respondent's deed of trust will remain of record until the plan is completed.  This is required by 11 U.S.C. § 1325(a)(5)(B)(i).  Once the plan is completed, if the respondent will not reconvey its deed of trust, the court will entertain an adversary proceeding.  See also 11 U.S.C. § 1325(a)(5)(B)(i).

In the meantime, the court is merely valuing the respondent's collateral.  Rule 3012 specifies that this is done by motion.

The court determines that the debtor's residence has a value of $134,000.

Counsel for the debtor shall lodge a conforming order.